MARY CELENTANO and ANTHONY CELENTANO, Appellants, v. THE CITY OF NEW YORK, Respondent, and SOL WILLBACH and HERLBACH REALTY CORPORATION, Defendants.— The judgment having been amended by an order of the Supreme Court dated December 27, 1935, on consent of counsel, and counsel having stipulated to an amended decision by a court of four justices, the decision of this court handed down on December 6, 1935 [246 App. Div. 726], is hereby amended to read as follows: This is an action to recover damages for personal injuries sustained by plaintiff Mary Celentano in falling over the stump of a tree projecting from an opening in the sidewalk of a public highway. The defendants are the city of New York and the owners of the adjacent property. Defendants-owners defaulted on the trial. The jury found against the defendants-owners and in favor of defendant city of New York. The issues of fact included the depth of the opening and the length of time the stump had been in the condition in which it was on the day of the accident, involving constructive notice. We are of opinion that under the circumstances the court erroneously charged that the plaintiff could not recover unless the jury found that the opening in which the tree stump stood was of the depth of four inches or more. There is no merit to the respondent's claim that it must be presumed that the jury applied the charge to all the defendants and that the verdict against the other defendants was based not only on a finding of knowledge, but on a finding that the hole was four or more inches in depth and that the verdict for the defendant city of New York was based wholly on lack of knowledge. The owners being in default, the specific references in the charge, with one exception, dealt with the obligations and immunities of defendant city and did not include the defendants-owners. The only assignment of negligence as against defendants-owners was their failure to cut down the stump when they saw it without reference to the depth of the depression or the length of time it had been in existence. On the appeal of plaintiff Mary Celentano, the amended judgment in favor of the city of New York reversed on the law and a new trial granted, costs to appellant to abide the event. Appeal by plaintiff Anthony Celentano from the amended judgment dismissed, and the so-called appeal by

both plaintiffs from an order denying their motion for a new trial pursuant to the provisions of section 549 of the Civil Practice Act dismissed, for the reason that there is no such order in the record. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur.